New York v. Fleet General Insurance Group. Marks. Good morning, Your Honor, as may it please the court, I'm Melanie West for the City of New York. The district court erred in vacating its summary judgment order on two fronts. First, it should not have allowed Fleet to recant its factual admissions and challenge the court's jurisdiction. But second, even if it did, it erred in finding that the evidence that Fleet presented stripped the court of its jurisdiction. To begin, Fleet admitted facts that established diversity jurisdiction. In its answer, it admitted that its principal place of business was Vermont. Could you tilt the microphones down a little bit more? When it amended its answer, it didn't change this admission. It didn't identify that admission or that paragraph as a legal conclusion, not requiring an answer as it did with other parts of the complaint. And then in the joint 56.1 statement, Fleet not only identified Vermont as its principal place of business, but identified a Vermont address in Burlington. And then a year and a half later, after losing its case summary judgment, Fleet suddenly asserted that its principal place of business is New York. The district court should not have allowed Fleet to reopen the question at this stage. This court hasn't directly confronted this question, but other circuit courts have. And they've held that the effect of an admission about principal place of business takes that fact out of contention. So it relieves the city of its burden to prove principal place of business. Do you have a case that specifically addresses principal place of business and says that it takes it out if it's stated in the complaint or elsewhere, or stated in an answer or elsewhere? There's an 11th Circuit case, that's the only one I'm aware of, in 2016 called W.M. Mobile. It's cited in our brief, which is very similar circumstances in that case with the jury trial and post-verdict. There was an assertion. But the defendant in that case was actually asserting that it was the plaintiff's principal place of business that was different. So it's even more compelling here, where Fleet is talking about facts within its exclusive control, about its own principal place of business that it admitted at the outset of the litigation. And, by the way, has never explained the reason for the change in position. It's never asserted that there was a mistaken application of the law, that it misunderstood, anything like that. It's just a bold assertion. I mean, the district court left open the possibility of sanctions or some other remedy, if that's what you're suggesting. But I think the legal question is a harder one. That if the place of citizenship, principal place of business is a mixed question of law and fact, then there's a problem with diversity jurisdiction. And so my question is, we've said in Palazzo that an individual citizenship is a mixed question like that. Isn't this nerve center test a much more legal question? And so wouldn't it follow that it's a mixed question of law and fact, where the company's principal place of business is? Well, I think Palazzo's a little different. The question there was whether the court should review the district court's determination de novo as a matter of law or for error as a mixed question. And so really the conclusion, the outcome of that case was that because it was essentially based on facts, that the court could review it for error only. Which I think tends to really support what we're saying here. I think even if there's a legal component to the question of principal place of business, that's not really what we're here arguing about. Fleet just asserted that its principal place of business was a different location than what it said originally. And has never said that it was because of some misapplication or misunderstanding of the law. The entire dispute is really about the facts that they admitted and then have- If it wasn't correct, so a lie or just an error, there was never jurisdiction in the first place. That's the problem here. So if the parties can't agree to jurisdiction in federal court, then if there was an error, then how can the court retain jurisdiction? I understand that question, Your Honor. I don't think, though, that there's really even an assertion here of an error. There's an admission, and this is what the other circuit cases that we've cited, the distinction that they draw, is that when the judicial admission is to the facts underpinning jurisdiction, that parties can be held to those admissions. And I see that I'm running low on time. I think that even if we reopen the question and look at the evidence that Fleet presented, there isn't actually evidence that supports a conclusion that New York was its principal place of business. So that there, you know, which shows that there was no error here. So unless the court has questions on this first point, I'll turn to the actual evidence that Fleet presented. Which was an affidavit from Richard Gia, which is the bulk of the evidence. First of all, the court should not have credited that affidavit, given the proven evidence that Richard Gia has lied under oath on numerous occasions. But even if it did, the allegations in that affidavit go to actions in 2017, before this lawsuit was filed, in 2019. So they're really irrelevant. The fact that Gia may or may not have been in New York, and may or may not have assembled. Basically, if the only business of this company was to issue an insurance policy, that happened before the suit was filed. By the time the suit was filed, the only activity of this company was in Vermont. That's right, Your Honor. And, you know, the record shows that annual business meetings, Gia didn't even attend the one in 2019, the year that this lawsuit was filed. All the sort of disinterested sources of evidence we have about the business of this company, located in Vermont. And all the work was being done by the Vermont-based director, who's the only person who had any insurance credentials. And all the communications show that, you know, this Vermont-based director was the only individual communicating with the lawyer, who was also based in Vermont, with the Department of Financial Regulation in Vermont, which is the only place that Fleet was registered or licensed. And so, all the evidence in the record, even if we look at it, supports the conclusion that the principal place of business was Vermont, not New York. So, I see I'm running out of time. I'll save the rest for rebuttal, but we ask this Court to reverse. Good morning, Your Honors. May it please the Court. Mark Rifkin of Wolf-Haldenstein on behalf of the Appellee, excuse me, the Appellee Fleet General Insurance. This appeal goes to the fundamental question of whether the District Court ever had the power to hear this case, an issue that the District Court, in our view, correctly decided it did not have, not to the question of the merit of the case at all. And before I begin to answer any questions the Court may have, I'd like to emphasize three salient points. The first is that the city, as the party invoking the District Court's subject matter jurisdiction, the city had the burden of proof on establishing and supporting jurisdiction. And counsel, during her argument, said that we should look at the evidence that Fleet presented as though Fleet had a burden to disprove jurisdiction. That turns the burden of proof on its head. The problem here is that Fleet affirmed jurisdiction, said that its principal place of business was at 1 Mill Street in Burlington, said it on more than one occasion. And as I understand the relevant legal principle, relevant legal landscape, this business, if it was operating in Vermont, licensed in Vermont, had to be operating out of Vermont. And we understand the unfortunate turn of events that has happened because of the confusion that Fleet and its counsel had over... What was the confusion? Just in the case of the city, what changed? Your Honor, that question goes to your prior question about whether a principal place of business is a mixed question of law and fact. And the confusion was over the relevant standard of law to determine the principal place of business. And, for example, we don't need a test to determine whether a traffic light is red or green. We can look at the traffic light and know if it's red or if it's green. I'm sorry, I thought I was. Initially, your client said principal place of business, Vermont. And then there was a change. And I'm asking why, what prompted that change? And the change is the change in understanding of the law that the principal place of business is not the official address, which is what the defendant had in mind originally when it said- If I could maybe ask, following up. Yes, of course. Like a light bulb went off on your side? What was the confusion subjectively? What happened? I understand you're saying that there's two different ways to view it. And I guess you're saying the first time you thought about it, you thought about it wrong. And the second time you thought about it, you thought about it right? Well, mind you that- The question is what prompted the change other than we don't want to get sued? There was a- well, respectfully, it was not that. There was a change in counsel after the court granted the plaintiff's, the city's motion for summary judgment. There was a change in counsel. The court granted the motion for summary judgment in May. New counsel had an appearance shortly thereafter. And within two months after that occurred, new counsel looked at the record and recognized with fresh eyes, as a new lawyer did, that in fact the admission that the principal place of business was in Vermont was a mistake of law. And so brought the issue to the court by way of a letter motion, raising the issue, asked for permission to bring on a motion. The court granted the request for permission to bring on the motion. And then, and this is important, permitted the city to have jurisdictional discovery, so that the city could address what new counsel understood to be the standard, the relevant standard, which is the nerve center test, which asks not what is your official place, your official address, not where most of your business activities take place, not where your board of directors meets, but in fact asks a very different and very specific question. Where are the high level decisions of the corporation made? And new counsel recognized that was the pertinent legal question. There was no change in anyone's admission of any fact. What there was, was a change in- You had won in summary judgment. I'm sorry, Roman? You had won in summary judgment. And the city would not have known how to, some of these bases that new counsel had for challenging the basis for jurisdiction. I assume the result would have stuck. Is that seem unfair? I think that it may well have been the case, although we can't know that for sure. It is, I will say this, it is plausible that there wouldn't have been a change in counsel, and so new counsel would not have looked at the issue and recognized that the legal standard that was applied originally was incorrect. But the unfairness- Well, let's say the city did come upon new information, and they said, you know what, there's never jurisdiction. Then we would be in the same posture as we are now. Your Honor, if at any point in time, including for the first time on appeal, if at any point in time the federal court becomes aware of facts that prove or undermine the court's jurisdiction, it's an over-and-shut issue. And I will tell you from personal experience, having been on the wrong side of that unfairness, I tried a case in the Eastern District of Pennsylvania in 1993 and recovered a $90 million verdict. On appeal, the Third Circuit decided that the district court, having gone through an entire case and an entire trial and a verdict, that the district court lacked subject matter jurisdiction because of an interpretation of the law that the Third Circuit applied that was different than the interpretation of the law that the district court had applied. And because subject matter jurisdiction has to be established at all points in time by the parties, independently by the court, the result was that the verdict was a nominee. These are unavoidable risks. I doubt that was about the change in position by one of the parties, however, on a factual matter. I mean, what is disturbing to me about this, among many other things, is that your client, I mean, Vermont law required your client to maintain its principal place of business in Vermont. It filed a legal document that said its principal place of business is Vermont. Your client was never licensed to practice assurance law in the state of New York. So New Counsel comes in and says, to the extent that this is a factual allegation, it's wrong, and by the way, my client is in violation of Vermont law after losing the case. And our, well, our obligation to maintain an office or a headquarters or a business in Vermont and have at least one director who was licensed by the Vermont Insurance Bureau, so it does not address, under the Supreme Court's Hertz test, does not address the principal place of business test as this court has articulated, which asks where are the high-level decisions of the corporation made. For purposes of jurisdiction, for purposes of this court's jurisdiction, and now, of course, I'm talking about the district courts, but for purposes of the district court's jurisdiction, the question was the nerve center test, where were this corporation's high-level decisions made. There was never a change in the answer to that factual question. The legal conclusion, what is the principal place of business, Your Honor, I agree that new counsel changed his view of the legal conclusion, but none of the facts, none of the facts changed. And, again, that's why I say it is important to recognize that the question of this nerve center test, the question of incorporation, the principal place of business, is a mixed question of law and fact, and the only case we have for guidance on this, the most direct case we have for guidance on this, is this court's decision in Palazzo v. Corio, a 2000 decision from this court, which, although it arose in the context of jurisdiction of an individual defendant, recognized that if you admit jurisdiction all along in a case, and you later come to realize that there's something wrong in that admission, and you want to change your position, all of that is well and good. You must, the court must look at the facts that it now knows to determine that it has jurisdiction. The city distinguishes or tries to distinguish that case on the basis that the jurisdictional question there depended upon an individual's domicile as opposed to a corporation's principal place of business, but we think that's a distinction without a difference. The citizenship test for a natural person means the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. We know that for a corporation, the principal place of business means where the corporation's high-level decisions are made. We believe that the test for a corporation's citizenship is more complex and more nuanced than the test for a natural person's citizenship. Can I just ask before you sit down? Yes. If it's right that this is a mixed question, then what's the standard of review? Well, I think the standard of review here is de novo, because the record is complete. The city had a burden to come forward with evidence to establish jurisdiction. Well, it's not de novo. It's to cure facts, whatever that means. Correct. Correct. And on that, the district court's determination that the city, as the party with the burden of proof, presented no evidence, no evidence, despite confirming in a status report submitted to the court on November 15, 2021, despite confirming that all the jurisdictional discovery had been completed, the city, as the party with the burden of proof, presented no evidence in the district court that any, any corporate decisions were made in Vermont or anywhere outside of New York for that matter. And so, as the party with the burden of proof, the district court found that the city failed in meeting its burden of proof, and for that reason, the court concluded it was bound to dismiss the case for lack of subject matter jurisdiction. The record in this case is complete, and the city doesn't point to any evidence that it says the city overlooked on that relevant question. The city directs the district court and directs this court's attention to facts that are completely legally irrelevant, because all of the facts the city points to, the Supreme Court said in the Hertz case, are not dispositive of, and in fact, not even relevant to, the question of the nexus test, right, where the high-level decisions of the corporation are made, the jurisdictional test, that we all agree the district court correctly identified and correctly applied. So for that reason, we ask that the district court's decision be affirmed. Okay, let me start with the evidence of a business activity in 2019. There is nothing in the record that shows any business activity by fleet of any kind in 2019 in New York, even crediting Jia's affidavit, which the court should not have done. All of the activity he describes was in 2017. What we have in 2019 are, you know, there's communications, increasing the liability limits, changing, there's a 2020 letter, changing the direction, business direction of fleet. All of these are communications from the Vermont-based director to Vermont, other Vermont entities. On the other side of the coin, what we have, other than Jia's affidavit, is a blank letterhead with a New York address. They couldn't even produce one that had been used, a paper nameplate on a door in New York. And so it's simply not the case that even the record evidence supports a finding that the principal place of business for fleet was New York. But let me go back to this idea that the change in position was due to some confusion, and new counsel discovered that the law had been misapplied. This is a new contention made for the first time on appeal. It is nowhere in the record. The pre-motion letter at A73 of the record says nothing of the kind. There has never been a contention before the district court that there was a mistake of law. Certainly, we acknowledge that in the event of an honest mistake, the situation might be different. But what's happened here is not that, right? Fleet says the city has the burden of proof. But the other circuit cases that we point to say, when a litigant makes a judicial admission that takes subject matter jurisdiction off the table, the plaintiff is relieved of that burden, that they no longer bear the burden because the other party has chosen to take the facts out of contention. That's what the Fourth Circuit said in Meyer, the Sixth Circuit said in Ferguson, and the Eleventh Circuit said in W.M. Mobile. The idea that Fleet doesn't have a burden to disprove, I mean, the upshot of that is that a litigant who loses can simply always assert facts to challenge jurisdiction at any stage, and then the other party, who does not have facts within the exclusive knowledge of the defendant, at any stage in litigation. That may be sanctions, but I don't know that that allows the district court to retain jurisdiction if it's actually not there. Well, I don't know that sanctions can really be a complete answer, Your Honor. It might be just considered the cost of doing business. I don't know if it is either, but it's a possibility, I guess. But the remedy isn't rewriting the diversity statute to say, in fact, if they say it, even if it's not true, you can have jurisdiction. I think there's legal support for making that distinction, though, where it turns on an essentially factual issue of where the business is done that a party's admission, and it's not like there's, obviously, it's not the case that there's no ties to Vermont here. I mean, it's incorporated in Vermont. Assume that for now. I know there's, in fact, a dispute about whether, in fact, it's Vermont or New York, but assuming it is New York and there was never diversity, then regardless of what was said, it would be like the parties agreeing, hey, you say you're from New York, and I'll say I'm from Vermont, and we'll go on diversity even if it's not actually correct. That's not okay, right? I understand the question, Your Honor. I do think there is a distinction that these other decisions that we've pointed to have drawn between that, between parties colluding to assert jurisdiction where there is none, and between a party asserting or admitting facts about its own operations that establish jurisdiction and then trying to wriggle out of those factual admissions post-judgment. I agree that those other cases establish that if a party makes a factual admission, they can sometimes, for the purposes of this litigation, you're stopped from going back on it, and maybe that has application even in the context of jurisdiction. But is that something that's permissible if we are bound, if Palazzo is correct, and this is not a pure factual question but a mixed question of law and fact? I think so, Your Honor. I think even if it's a mixed question, the fact that Fleet admitted that its principal place of business was Vermont is not erased from the factual record simply by virtue of the fact that if the court finds it to be a mixed, that's still a factor in the analysis. And so I don't think that that's a controlling issue, especially because the allegation here isn't that there was a misapplication or misunderstanding of the law. It is a dispute about facts. If there are no further questions, we ask this Court to reverse. Thank you both, and we'll take the matter under advisement.